**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-20987
(Summary Calendar)

RODOFO REGOJO; LORRAINE M. MANON

Plaintiffs-Appellants,

versus

BANC ONE MORTGAGE CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-01:-CV-588)

September 10, 2002

Before JOLLY, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rodoflo Regojo and Lorraine Manon appeal the district court's grant of summary judgment

that the plaintiffs take nothing from Banc One Mortgage Corporation ("Banc One"), the dismissal

of their common law and statutory claims, and the denial of their discovery request. For the following

reasons, we affirm.

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 1979, Rodolfo Regojo, through a loan executed by Texas Federal Savings & Loan, purchased a condominium. The loan was assigned to Bank One Texas, with Banc One serving as the debt collector. Rodolfo resided at the condominium from 1979 until 1990, when he left following his marriage to Lorraine Manon (collectively "the Regojos"). Around August 1996, due to their financial difficulties, the Regojos informed Banc One that they would not be able to make future payments on the loan and requested assistance and workout options under a Banc One program offered to consumer mortgage borrowers who suffer from economic hardships. Banc One denied the Regojos accommodation request based on its reclassification of their loan from a consumer mortgage loan to an investment loan, a decision that was based on the fact that the Regojos did not permanently reside at the condominium.

Banc One and the Regojos eventually negotiated and executed a Settlement Agreement ("Agreement"). Under the terms of the Agreement, the Regojos paid Banc One $5,000 and the proceeds from a short sale of the condominium. In return, Banc One agreed to forgive the debt, reconvey title to the condo, and report it to the appropriate credit agencies as settled.

In late 1999, Rodolfo's application for a Citibank credit card was denied due to derogatory credit information on his credit report. After an examination of the credit report, the Regojos discovered that Banc One failed to report the account as settled. The Regojos informed Banc One of its failure and sued in state court for breach of the Settlement Agreement. Banc One timely removed the suit to federal court where the Regojos moved for partial summary judgment, which was denied. Banc One also moved for summary judgment asserting that (i) Lorraine Manon did not have standing in the lawsuit, (ii) the Regojos had no evidence of a breach of contract, and (iii) the

2

Regojos had no evidence of damages. The district court found that Lorraine Manon had standing, that Banc One breached the Agreement, that the Regojos suffered no damages and that the Regojos' statutory and common law claims were mooted or merged or both. As a result, the district court entered a take nothing judgment.

## DISCUSSION

We review a district court's grant of summary judgment *de novo*. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). We review a district court's evidentiary ruling under an abuse of discretion standard. Gabriel v. City of Plano, 202 F.3d 741, 745 (5th Cir. 2000).

I.      The District Court's Denial of Damages

The Regojos argue that the district court erred in finding that they suffered no damages as a result of Banc One's breach of the Agreement. The district court found that Banc One's breach was immaterial because the Regojos were not able to articulate specific damages flowing from Rodolfo's denial of credit. The Regojos argue that they are entitled to damages flowing from the breach of the Agreement as a whole, rather than damages flowing strictly from the denial of credit. We do not agree. The issue before the district court was whether Banc One breached the Agreement by failing to report the account as settled, and if so, what damages were caused by this breach. Because the Regojos could not articulate specific damages as a result of the breach, the district court's finding of no damages was appropriate.

II.     The District Court's Dismissal of the Common Law and Statutory Claims

The Regojos argue that the district court erred by dismissing their common law and statutory claims (collectively "claims"). The district court found that the claims were mooted or merged or both under the Agreement. We agree with the district court. The Regojos claims involve issues that

3

should have been raised prior to the execution of the Agreement. By asserting these claims now, the Regojos are attempting to avoid their responsibilities under the Agreement, while still benefitting from their release of liability simply because the terms of the Agreement do not tilt in their favor.

III.     The District Court's Denial of Formal Discovery

The Regojos argue that the district court erred in finding that no formal discovery was necessary for the case.  We find that the district court did not abuse its discretion in denying formal discovery.  The issue before the court, whether Banc One breached the Agreement by failing to report the account as settled, was resolved by examining the credit reports. Any other evidence would not be relevant to the case.

CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment that the Regojos take nothing from Banc One.

AFFIRMED.

4